CONTINENTAL INSURANCE Co., Appellant

v.

WORKMEN'S COMPENSATION COMMISSION OF
AMERICAN SAMOA and LISE TILO, Appellees

High Court of American Samoa
Appellate Division

AP No. 13-88

October 20, 1988

Before KRUSE, Associate Justice, KING*, Acting Associate Justice, KAY**, Acting Associate Justice, and LUALEMAGA, Associate Judge.

Counsel: For Appellant, Roy J.D. Hall, Jr.
For Appellee Workmen's Compensation Commission, Caroline B. Crenna, Assistant Attorney General
For Appellee Tilo, Charles Ala'ilima

Per Curiam:

This matter originated with the territorial Workmen's Compensation Commission upon the filing of a claim for death benefits by the widow of a workman who had suffered a massive stroke at home. The primary contention before the Commission was whether or not the death of the workman was work related. After an evidentiary hearing, the Commission resolved the case in favor of the widow and awarded appropriate statutory benefits.

Appellant, the employer's insurer, sought judicial review before the Trial Division of the High Court to set aside the award for a number of reasons.

The Trial Division correctly pointed to A.S.C.A. § 32.0652(a) as circumscribing the

---

* Honorable Samuel P. King, Senior Judge, United States District Court for the District of Hawaii, serving by designation of the Secretary of the Interior.

** Honorable Alan C. Kay, Judge, United States District Court for the District of Hawaii, serving by designation of the Secretary of the Interior.

applicable standard of review which is that the Commission's decision may only be set aside "[i]f not in accordance with law." As the Workmen's Compensation Act limits compensation benefits as being payable only for "injury . . . or . . . death arising out of and in the course of employment," A.S.C.A. § 32.0520, the Trial Division also correctly defined the issue before it as "whether the Commission's finding is supported by substantial evidence." Slip Opinion at 1 [Continental Insurance Co. v. Workmen's Compensation Commissioner, 7 A.S.R.2d 105, 107 (1988)].

Upon its review of the record, the Trial Division found that there was ample evidence disclosed which justified the Commission's conclusion that the cause of death was triggered by the demands of the workman's employment. The Court below stated that "[a]s long as reasonable people could differ on the facts presented to the Commission, its decision will be upheld on appeal." Slip Opinion at 3 [7 A.S.R.2d at 107].

Appellant on the other hand excepts to these conclusions of the reviewing court. The thrust of appellant's argument apparently suggests that the reviewing court should independently weigh the evidence presented on the record and thereby determine whether the Commission's findings were justified by "substantial evidence." For instance, appellant cites the reviewing court with misapplying the "substantial evidence" standard by upholding the Commission merely because reasonable people may differ on the facts presented. In this regard, appellant attributes an alternative and incorrect "reasonable man" standard as having been fashioned and applied by the court below. Appellant states that had "the court correctly applied the substantial evidence test, it would have found that Tilo's heart attack was caused by the natural progression of a pre existing heart disease." Appellant's Brief at 6 (emphasis added). The suggestion made here is that the reviewing court may substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact purely by resort to the record. If this is the case, what will have happened then to the primary function of the trier of fact to weigh the evidence, to determine credibility of witnesses with first hand observation, and indeed to resolve conflicting evidence? Obviously,

154

appellant's view of the scope of judicial review has taken the exercise a step beyond its proper limits.

The lower court's reference to factual conflicts upon which reasonable people may differ does not attempt to establish a new standard of review but rather explains the proper application of the "substantial evidence" standard. As stated in Dickenson-Tidewater, Inc. v. Supervisor of Assessments, the substantial evidence test of an administrative decision "is limited 'to whether a reasoning mind reasonably could have reached the factual conclusion the agency reached. This need not and must not be either judicial fact-finding or a substitution of judicial judgment for agency judgment.'" 329 A.2d 18, 25 (Md. App. 1974) (quoting Insurance Commissioner v. National Bureau of Casualty Underwriters, 248 Md. 292, 309-310, 236 A.2d 282, 292 (1967)).

Appellant further confuses matters by its repeated and mistaken references to the trial court's "findings of fact" regarding death of the workman as being work-related. The Court below did not make any findings of facts; it merely recited in summarized form the findings of the Commission as being sufficiently substantiated on the record. Therefore, appellant's further claims of error, that the Trial Division failed to apply certain evidentiary presumptions advanced by appellant, are accordingly misplaced. In the manner of weighing the evidence, the proper place for applying evidentiary presumptions to facilitate fact finding, was at the agency hearing, and not, as suggested by appellant, at the review level as well.

The proper scope of review of compensation awards is nicely capsulized by a leading treatise as follows:

> A finding of fact based on no evidence is an error of law. Accordingly, in compensation law, as in all administrative law, an award may be reversed if not supported by any evidence. Conversely, since the compensation board has expressly been entrusted with the power to find the facts, its fact findings must be affirmed if supported by any evidence, even if the

reviewing court thinks the evidence points the other way. This statement is, without any close competition, the number one cliche of compensation law and occurs in some form in the first paragraph of compensation opinions almost as a matter of course.

3 A. Larson, The Law of Workmen's Compensation § 80.10 at 15-426.305 (1983) (footnotes omitted). A supplementing footnote adds, "[c]itations for this truism are omitted here; a complete list would run to hundreds of cases." Id. at n.1.

The author of the treatise goes on to discuss the cases' varying use of adjectives to describe the review standard quantitatively. The variations have included: any evidence; some evidence; any credible evidence; substantial evidence; supported by the evidence; and many others.

We gather from the cases that the courts no longer regard the presence of a "scintilla of evidence" as sufficient to affirm an administrative body's decision. While one extreme on the continuum might be requiring "no evidence" before reversing the Commission's decision, in our opinion the difference between the evidence sufficient to set aside or affirm a compensation order was given due regard below. Bearing in mind the Commission's specialized competence,[1] that difference is between "whimsy evidence" and "evidence upon which reasonable people may differ." Appeal Denied.

It is so Ordered.

---

[1] The territorial Workmen's Compensation Commission is purposely specialized in make up. The Commission comprises a Commissioner, a medical member, a law member, a fiscal member, and an employee member. A.S.C.A. § 32.0505(b).